**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-114-HRW

ROBERT M. BROWN, JR.                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

BRIAN J. PATTON, Warden                                        DEFENDANT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court for resolution of several matters, including the defendant's

motion to dismiss or in the alternative, for summary judgment.

BACKGROUND

Plaintiff Brown was incarcerated at the Federal Correctional Institution ("FCI")-Ashland in

Ashland, Kentucky, on July 31, 2006, when he filed the instant *pro se* action complaining of the

conditions there.

With regard to two housing units to which he had been assigned at the Ashland facility, G-

and R-Units, Brown specifically complained that the governing American Correctional Associations

("ACA") ratios should be 1 toilet, 1 washbasin, and 1 shower per each 12 inmates, and 1 urinal per

six inmates, but overcrowding in his two assigned units caused an insufficient number of these

fixtures for inmates to share.  In G-Unit, for example, he alleged there were 6 toilets, 6 urinals, 9

washbasins, and 9 showers, for which he and 139 other inmates had to compete.

Reciting similar numbers for R-Unit and pointing to the exhaustion of administrative

remedies as to conditions at both of the housing units, Brown sought injunctive relief in the form

of the Court's ordering the defendant to comply with ACA standards, enforce certain Bureau of

Prisons ("BOP") policies and guidelines, and so improve the conditions at FCI-Ashland that they would no longer subject him to the cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution.

Although Brown labeled his initial document as a petition, upon screening, the Court construed it as actually being a civil rights complaint, over which this Court has jurisdiction pursuant to 28 U.S.C. §1331,[1] seeking injunctive relief. Record No. 5. Therefore, identifying the proper parties to be Robert M. Brown, Jr., the plaintiff, and Warden Brian J. Patton, the defendant, on August 8, 2006, the Court directed the Clerk of the Court to issue summons and ordered the defendant to file an answer. *Id.*

The instant record reflects that on September 21, 2006, the plaintiff served a notice that he was being transferred and would send his new address as soon as he arrived at his new location. Record No. 15. On October 10, 2006 [Record No. 19], the plaintiff served notice of his new address, which was--evidently still is--the Federal Prison Camp in Atlanta, Georgia. While he was in transit, the defendant obtained a brief extension of time in which to file answer or otherwise respond.

On November 1, 2006, the defendant warden responded to the complaint herein with a dispositive motion [Record No. 25] seeking, in the alternative, either dismissal of the complaint or entry of summary judgment in the warden's favor; and in an attached memorandum of law, he urged a number of grounds which would purportedly support summary disposition of the instant cause of action.[2] Because the plaintiff is proceeding *pro se*, the Court issued an order informing Plaintiff

---

[1] Construing the petition as a complaint also affected the amount of the district court filing fee, which is $5.00 for a habeas action but is $350.00 for all other civil actions. The plaintiff has been granted pauper status herein and has been paying the $350.00 fee in installments, as permitted under 28 U.S.C. §1915(b).

[2] For reasons to be explained *infra*, the Court's discussion herein will not reach the several grounds purportedly supporting Defendant Patton's dispositive motion. The Court notes, however, that the first ground for

2

Brown of the need to respond if he opposes the motion and setting a deadline for the response at 30 days after entry of the order on November 13, 2006. As that deadline loomed, on December 18, 2006, the plaintiff sought and the Court granted another 30-day period of time to file any response to the defendant's motion.

Just as the extended time for filing a response was expiring, on January 16, 2007, the Clerk of the Court received a "Motion to Toll Time Due to Uncontrollable Circumstances," with a cover letter from a fellow inmate of the plaintiff's at the Atlanta prison camp. In Record No. 28, Cornelius Martin, II, introduces himself and explains that he is familiar with this case because he has assisted the plaintiff in the prison's law library. He asks the Court to accept his pleading as a motion on Brown's behalf and toll the time for Brown to respond to the defendant's dispositive motion.

Martin alleges that on January 9, 2007, the plaintiff was taken to the Special Housing Unit ("SHU") of FCI-Atlanta. According to Martin's personal experience, this purportedly means that a prisoner will be separated from his legal files for an indefinite and perhaps prolonged period of time. Admitting that he has no standing, nonetheless, Martin seeks to have the Court consider the instant plaintiff's circumstances in SHU and not require a response until Brown has been re-united with his files.

Warden Patton has responded to Martin's submission with a motion to strike the pleading on the ground that Martin is not the plaintiff or a duly licensed attorney acting in the plaintiff's behalf. Therefore, the pleading "is inappropriate and should be stricken from the record herein."

<u>DISCUSSION</u>

As even Martin admits, he has no standing to raise the issue of the plaintiff's difficulties with

---

dismissal which he raises is the Court's lack of subject matter jurisdiction, based upon the plaintiff's transfer away from FCI-Ashland.

regard to his ability to file a response or otherwise continue his case.  There is no reason, however, to believe that this co-prisoner was acting without good faith or had other than altruistic motives for sending Docket Entry No. 31 to the Clerk of this Court for filing.  While the Court will not grant his motion, it will also not impose sanctions on him.  There is one matter which arises in the record and demands dismissal of the instant cause of action, such that the Court need not reach a resolution on Martin's and Patton's motions.

The Court has lost jurisdiction over the matters raised herein.  Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power.  *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed. R. Civ. P. 12(b)(1)).  The lack of subject matter jurisdiction may be asserted by either party or by the court, *sua sponte*, at any time during the course of an action.  *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting the jurisdiction.  *Thomason v. Gaskill*, 315 U.S. 442 (1942).

"Under Article III, [a court] 'may only adjudicate actual, ongoing controversies.'"  *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)).  The Supreme Court held that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all stages of review, not merely at the time the complaint is filed."  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (citing *Preiser v. Newkirk*, 422 U.S. 395, (1975)).

"Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief."  Nothing remains to be enjoined or declared improper.

4

*Berger, et al. v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 113 S. Ct. 2416 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)); *see also Kellogg v. Shoemaker*, 46 F.3d 503 (6th Cir.), *cert. denied*, 116 S. Ct. 120 (1995).

It is well settled that a prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer. *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982). Where the question of mootness arises, the Court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). This Court proceeds to do so.

The record in the case *sub judice* clearly shows that between the plaintiff's filing of the complaint and the time for the warden of FCI-Ashland to file a response, Plaintiff Brown was transferred away from FCI-Ashland. He, himself, supplies this information, and Martin's "motion" confirms that Brown is still incarcerated in the BOP's Atlanta, Georgia, facility. Therefore, based on the instant prisoner-plaintiff's transfer, the relief sought against officials at FCI-Ashland would no longer benefit Brown. His transfer has mooted the issue of the conditions imposed on him at FCI-Ashland.[3] *See White v. State*, 82 F.2d 364, 366 (10th Cir. 1996) (holding that inmate plaintiff's claims for injunctive relief were mooted by his release from incarceration).

The record showing that the plaintiff has been transferred from FCI-Ashland during the

---

[3] There is an exception to this rule, but there is no reason to reach it herein. If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison may not be mooted, if "he can demonstrate that he is likely to be retransferred." *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Allegations of a likely retransfer may not be based on mere speculation. *Preiser*, 422 U.S. at 403. An allegation that retransfer is likely is insufficient; demonstration of the likelihood of retransfer is required. *Higgason v. Farley*, 83 F.3d 807 (7th Cir. 1996).

pendency of the instant action, the Court finds that these issues have been mooted and the Court no longer has subject matter jurisdiction to decide the matters herein.

CONCLUSION

Accordingly, after due consideration and the Court being advised, **IT IS ORDERED** as follows:

(1)     Because FPC-Atlanta prisoner Cornelius Martin, II, is a non-party, the Clerk of the Court shall **STRIKE** his name from any portion of the docket of the Court identifying him as a party or attorney for any party herein; and the Clerk shall send a copy of the instant Order to him at the address given on Docket Entry 31, for informational purposes only.

(2)     All pending motions are **DENIED** as moot.

(3)     This action is **DISMISSED** for the Court's lack of subject matter jurisdiction, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This January 24, 2007.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**